IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| RACHEL SIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE |
| ) | MAGISTRATE JUDGE |
| DIAGNOSTICA STAGO, INC., ) | |
| ) | |
| Defendant. ) | JURY DEMAND |
| ) | |

## COMPLAINT

COMES NOW Plaintiff, Rachel Sir by and through undersigned counsel, and alleges the following in her cause of action against Defendant.

## PARTIES

1. Plaintiff Rachel Sir, ("Ms. Sir" or "Plaintiff") is a citizen and resident of Sumner County, Tennessee.

2. Defendant Diagnostica Stago, Inc.,("Stago" or "Defendant") is a for-profit entity doing business in the State of Tennessee. Defendant's principal office is located at Five Century Drive, Parsippany, NJ 07054. Defendant can be served through its registered agent, CORPORATION SERVICE COMPANY, 1201 Hays Street, Tallahassee, FL 32301.

## VENUE AND JURISDICTION

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. § 1391(b).

1

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. § 1367 as there is a common nucleus of operative facts between the state and federal law claims.

## FACTS

7. On or about September 2009, Plaintiff began employment at Stago.

8. In 2013, Plaintiff was promoted to National Accounts.

9. In 2014, Plaintiff was promoted to Account Manager.

10. Throughout her employ with Defendant, Plaintiff experienced inappropriate sexual advances, unwanted comments and touching by a coworker, Gary Bullard ("Mr. Bullard") under Defendant's employ.

11. Mr. Bullard habitually made inappropriate and sexual comments about and to Plaintiff via texts during meetings. Such texts included but were not limited to, "your butt looks good in that silver skirt" and "you are a sexy woman." These caliber comments were made consistently throughout Plaintiff's employ at Stago.

12. On or about April 2014, Plaintiff and Mr. Bullard started travelling together for work assignments. While travelling, the co-worker would ask for them to go to dinner by

themselves or go out to dinner or go out dancing. On multiple occasions, this co-worker asked Plaintiff to spend the night in his hotel room.

13. On or about April of 2015, Plaintiff reported her co-worker's behavior to Human Resources.

14. On or about April of 2015, Plaintiff, after consistently and continuously rebuffing her inappropriate and unsolicited co-worker's advances, she was put on a Performance Improvement Plan for ninety (90) days by her manager. She was cited as not meeting sales goals but such sales were falsely elevated due to Mr. Bullard padding his sales making it impossible to reach such numbers ethically.

15. Pursuant to company policy, Plaintiff's manager Jeff Bambling was tasked with supporting Plaintiff to get her numbers back up. However, Plaintiff's manager offered no such support in order for her to meet the goals and expectations of the PIP.

16. On or about July 7, 2015, before the ninety (90) days of the PIP was up Plaintiff was terminated.

17. On July 15, 2015, Stago issued a letter to Plaintiff stating among other things that they had retained an investigator and the investigator concluded that Mr. Bullard engaged in inappropriate conduct which was inconsistent with Stago's anti-harassment policy.

## CAUSES OF ACTION

### COUNT ONE: Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e): Retaliation and Hostile Work Environment

2. Plaintiff incorporates all prior paragraphs of this complaint as if fully restated herein.

3. At all times relevant, Defendant employed over 15 employees.

4. Plaintiff engaged in protected activity when she filed an EEOC charge, and a subsequent lawsuit, over the sexual harassment, hostile work environment and retaliation she was

      subjected to by Defendant.

5. Defendant did segregate or classify Plaintiff based upon her engaging in a protected activity, in a way that deprived employment opportunities to Plaintiff or otherwise adversely affected her status as an employee.

6. Defendant acted intentionally, recklessly, or maliciously in violation of Title VII of the Civil Rights Act of 1964 when it allowed Plaintiff to be retaliated against and subjected her to a hostile work environment based upon her engaging in a protected activity.

7. Defendant's subjecting Plaintiff to a hostile work environment and retaliation was a part of a knowing and intentional pattern of discrimination in violation of Title VII of the Civil Rights Act of 1964.

8. As a direct and proximate result of Defendant's violations of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, and emotional pain, along with other damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays:

1. That proper process issue and be served upon Defendant;

2. That Defendant be required to answer this Complaint within the time prescribed by law;

3. That a Jury be empaneled and Plaintiff be granted a jury trial in this cause;

4. That Plaintiff be granted all lost income and benefits to which she is entitled;

5. That Defendant be enjoined from continuing such retaliatory and discriminatory practices;

6. That Plaintiff be granted a judgment for compensatory damages;

7. That Plaintiff be granted her reasonable attorney's fees and all discretionary costs in this action; and

8. That Plaintiff be granted such other further or general relief to which she may be entitled.

Respectfully submitted,

/s/ R. Patrick Parker
R. Patrick Parker, BPR # 16847
1517 Hunt Club Boulevard
Gallatin, TN 37075
Telephone:  (615) 724-5291
Facsimile:   (615) 590-4211
pparker@pparkerlaw.com