UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RACHEL SIR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:16-cv-03142 |
| | ) | CHIEF JUDGE CRENSHAW |
| DIAGNOSTICA STAGO, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Rachel Sir filed this action against Diagnostica Stago, Inc. ("Diagnostica Stago") asserting claims for hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Before the Court is Diagnostica Stago's Motion to Transfer Venue (Doc. No. 7) to the District of New Jersey on the basis of *forum non conveniens*. Plaintiff filed a response. (Doc. No. 12.) For the following reasons, this motion will be **GRANTED**.

## I. BACKGROUND

Sir, a Tennessee resident, interviewed for a job with Diagnostica Stago in Parsippany, New Jersey on September 8, 2009, and began her employment with Diagnostica Stago on September 28, 2009. (Doc. No. 8-1, Townsend Declaration, at 1.) On September 29, 2009, Sir signed a Confidentiality Agreement in which she agreed not to disclose proprietary information and consented to personal jurisdiction in New Jersey for actions relating to that agreement. (Id. at 8.)

Sir worked remotely in Diagnostica Stago's Southeast territory as a Telesales Representative. (Id. at 1.) She alleges that a coworker sexually harassed throughout her employment, and that she reported her coworker's behavior to human resources in April 2015.

(Doc. No. 1 at 2-3.) That same month, Sir's manager put her on a 90-day performance improvement plan ("PIP"). (Id. at 3.) On July 7, 2015, Diagnostica Stago terminated Sir's employment. (Id.)

## II. ANALYSIS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under section 1404(a), "district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009). The moving party has the burden of proving that "the relevant factors weigh strongly in favor of transfer." Winnett v. Caterpillar Inc., No. 3:06-cv-00234, 2006 WL 1722434, at *2 (M.D. Tenn. June 20, 2006) (citing Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)).

The first step when analyzing a motion to transfer is ensuring that the case originally "might have been brought" in the proposed alternative venue. Id. (citing Van Dusen, 376 U.S. at 645-46). Here, parties do not dispute that venue is proper in this Court and the District of New Jersey.

To determine the more convenient forum, the Court "should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Moore v. Rohm & Haas Co., 446 F.3d 643, 647 n.1 (6th Cir. 2006) (citing Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991)).

### A. Sir's Choice of Forum

A plaintiff's choice of forum is given significant consideration when balancing these factors, particularly where the plaintiff brings claims under Title VII. Smith v. Kyphon, Inc., 578

F. Supp. 2d 954, 961-62 (M.D. Tenn. 2008) (finding that Title VII's venue provision "embodies a public policy determination that Title VII plaintiffs should have a choice of where to bring suit") (discussing Thomas v. Rehab. Servs. of Columbus, Inc., 45 F. Supp. 2d 1375 (M.D. Ga. 1999)).

Valid forum selection clauses are enforced through § 1404(a) transfer and typically given controlling weight. Atlantic Marine Const. v. US Dist. Ct., 134 S. Ct. 568, 579 (2013). Diagnostica Stago concedes, however, that the forum selection clause in the Confidentiality Agreement does not govern here due to the nature of this action. (Doc. No. 8 at 7.) Diagnostica Stago nonetheless contends that the forum selection clause in the Confidentiality Agreement "evinces [Sir's] willingness to accept the requested jurisdiction and venue in Federal Court in New Jersey." (Doc. No. 8 at 7.) The Court does not consider the forum selection clause in the Confidentiality Agreement to weigh in favor of transfer. The Court will give weight to Sir's choice of forum.

### B. Private Interest Factors

"Private-interest factors include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Hefferan v. Ethicon Endo-Surgery Inc., 828 F.3d 488, 498 (6th Cir. 2016) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)). The number and location of non-party witnesses are also weighed more heavily than those of party witnesses. Dan's Gourmet Spot, LLC v. Versa Mktg., Inc., No. 3:16-CV-02487, 2017 WL 897547, at *6 (M.D. Tenn. Mar. 7, 2017) (citing Smith, 578 F. Supp. 2d at 963).

Diagnostica Stago identifies several potential witnesses for whom New Jersey would be more convenient than the Middle District of Tennessee. It specifically identifies two such non-party witnesses—Terri Freeman, the individual who conducted the independent investigation of

3

Sir's sexual harassment complaint, and Reginald Matthews, its former Director of Sales. (Doc. No. 8 at 7.) Freeman performed all of the witness interviews in New Jersey. (Doc. No. 8-1 at ¶ 5.) Diagnostica Stago also notes that its corporate and human resource employees are based in New Jersey. (Doc. No. 8 at 7.) This includes Jeffrey Bambling, Sir's Regional Sales Manager, who issued the PIP in response to Sir's allegedly poor performance on April 27, 2015. (Doc. No. 8- at ¶ 4.) Bambling also recommended that Sir be terminated. (Id. at ¶ 8.) All of these potential witnesses are highly relevant and critical to the disposition of this case, and would likely be deposed and to appear at trial.

Sir argues that the New Jersey witnesses may not need to travel to the Middle District of Tennessee because they can sit for video depositions (Doc. No. 12 at 4), but "trial by video tape is simply not preferable to live examination in front of a jury." Kay v. Nat'l City Mortg. Co., 494 F. Supp. 2d 845, 853 (S.D. Ohio 2007) (footnote omitted). The only specific witness that Sir identifies as residing in the Middle District of Tennessee is an unnamed former supervisor. (Doc. No. 12 at 4.) Based on the information that Sir has provided, the Court cannot determine the relevance of Sir's unnamed former supervisor to this action. Accordingly, the convenience of both party and non-party witnesses weighs significantly in favor of transfer.

The parties have not identified any other practicality factors in this case. The Court notes that Sir's employment records are likely located in New Jersey because that is where Diagnostica Stago is headquartered. This factor also weighs in favor of transfer.

### C. Public Interest Factors

Public interest factors include: "(1) the enforceability of the judgment; (2) practical considerations affecting trial management; (3) docket congestion; (4) the local interest in deciding

4

local controversies at home; [and] (5) the public policies of the fora." Smith, 578 F. Supp. 2d at 962 (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)).

Diagnostica Stago argues that Tennessee does not have an interest in a citizen's employment dispute with a New Jersey company. (Doc. No. 8 at 8.) As stated above, this Court has found a "significant public interest, as embodied in the venue provision contained in Title VII, in protecting [a] Plaintiff's ability to have her case tried by a jury of peers drawn from the community in which the discrimination allegedly occurred." Id. at 968-69. Sir alleges that a co-worker made inappropriate comments to her "via texts during meetings" and while travelling together for work assignments. (Doc. No. 1 at ¶¶ 11-12.) Thus, while the Middle District of Tennessee has an interest in deciding controversies regarding its residents, the extent to which the alleged discrimination actually occurred in this district is unclear. Accordingly, the local interest and public policy of Tennessee are neutral factors in the transfer analysis.

Diagnostica Stago also notes "the burdens on this court [would be] exacerbated" by this action (Doc. No. 8 at 8), and the Court weighs the factor concerning docket congestion slightly in favor of transferring this action.

### III. CONCLUSION

In sum, although the Court gives weight to Sir's choice of forum, all other factors weigh in favor of transfer. For these reasons, the Court concludes that it is in the interest of justice and substantially more convenient for the parties and witnesses for this action to proceed in the United States District Court for the District of New Jersey. Diagnostica Stago's Motion to Transfer (Doc. No. 7) will be granted.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE